United States Court of Appeals,

Eleventh Circuit.

No. 96-6016.

UNITED STATES of America, Plaintiff-Appellee,

v.

Melvin Elroy WHITE, a.k.a Robert Lee Rios, Defendant-Appellant.

Aug. 6, 1997.

Appeal from the United States District Court for the Northern District of Alabama. (No. CR-95-N-174-S), Edwin L. Nelson, Judge.

Before BIRCH, Circuit Judge, RONEY, Senior Circuit Judge, and O'KELLEY[*], Senior District Judge.

RONEY, Senior Circuit Judge:

Melvin Elroy White pled guilty to ten counts of transportation of stolen monies in interstate commerce in violation of 18 U.S.C. § 2314. He appeals his sentence on the ground that the district court erred in departing upward after it decided that the Sentencing Commission had failed to consider adequately the factors contained in 18 U.S.C. § 2326, part of the Senior Citizens Against Marketing Scams Act of 1994 (hereinafter "the SCAMS Act"). Because the district court erred in applying section 2326 to a statute not expressly enumerated therein, we vacate and remand for resentencing.

This appeal presents a sentencing issue of first impression in this Court. White conducted a telemarketing fraud scheme in Georgia wherein he contacted elderly people throughout the United States, advising them they had won a cash prize but, before the

[*]Honorable William C. O'Kelley, Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

prize could be sent, they had to send money for state and federal income taxes or fees.  When White received the victims' checks in payment, he would transport them for deposit to banks located in Alabama.  Since the telemarketing scheme was fraudulent, White was indicted and pled guilty to ten counts of transporting in interstate commerce property stolen, converted, or taken by fraud in the amount of $5,000 or more pursuant to 18 U.S.C. § 2314.  The three individual victims listed in the indictment were all over 80 years old and had sent to White checks totaling $80,296.00.

The PSI recommended that the district court make an upward departure and sentence White to seven years imprisonment on the basis of the focus of the SCAMS Act.  18 U.S.C. § 2326.  That statute specifically lists six telemarketing offenses for which enhancement may be given if the victims were over 55.  Section 2314 is not one of the listed statutes.  The PSI, nevertheless, justified its recommendation upon the belief that the applicable Guideline range did not reflect the seriousness of the criminal act in light of the SCAMS Act.

> (The Guideline range) ... in light of this new law, under-represents the seriousness of the defendant's criminal behavior.  This defendant targeted numerous elderly victims and over $600,000 in illicitly-obtained funds were traced to his Birmingham bank accounts, none of which has been recovered.  He is now claiming he has no assets.

> Especially in light of the consideration that, in all likelihood, only a very small percentage of restitution will ever be paid, 10 years imprisonment ... represents a much more just sentence, considering the egregiousness of the offense wherein one of the most vulnerable segments of the populace was preyed upon.

White objected, maintaining that he did not receive prior notice of the application of the SCAMS Act to his sentence at the

time he entered his plea, the Guidelines had already taken into consideration the fact that the victims were elderly and his sentence had been enhanced on that basis, and his sentence was increased on the incorrect basis that the Commission had not considered the victims' ages.

The district court, however, overruled the objection and, in departing upward, sentenced White to 72 months' imprisonment rather than within the applicable 37 to 46 months range under the Guidelines. The district court justified the upward departure on the basis that Congress had by oversight omitted to include 18 U.S.C. § 2314 within the provisions of the SCAMS Act, and that the Sentencing Commission had not adequately considered the concerns expressed by Congress in the SCAMS Act regarding the age and number of victims.

The district court had adopted the sentence calculations in the PSI report as follows:

| | | | | |
|---|---|---|---|---|
| a. | Base Offense Level | 2F1.1(b)(1) | | 6 |
| b. | Specific Offense Characteristics: | 2F1.1(b)(1)(K)/ | | |
| | | 1B1.3 | + | 1 0 |
| | | 2F1.1(b)(2) | + | 2 |
| c. | Adjustments: | | | |
| | i. Enhancements | 3A1.1(b) | + | 2 |
| | ii. Reductions | 3E1.1(b)(2) | – | 3 |

Total (Adjusted offense level):                    1   7

2.   Criminal History Category:              IV

3.   Applicable Guideline Range:        37-46 mos.

_____

The Statement of Reasons for the 72-month sentence included

the following:

> The sentence departs from the guideline range due to the
> court's finding there is a reason for an upward departure
> based upon the provisions of 18 U.S.C. § 2326 which shows that
> the Sentencing Commission has not adequately considered the
> concerns expressed by the new statute.  As a result, the court
> finds that the offense level is 23, which when combined with
> criminal history category IV, yields an imprisonment range of
> 70 to 87 months.

Although the Government maintains that, based upon the facts,

the district court correctly found that this case was "unusual" and

outside the "heartland" of the offenses for which White was being

sentenced, *Koon v. United States,* --- U.S. ----, ----, 116 S.Ct.

2035, 2046, 135 L.Ed.2d 392 (1996);  *United States v. Alpert,* 28

F.3d 1104, 1108 (11th Cir.1994), it does not appear that the

district court made any such finding.  Rather, the district court's

upward departure was based solely upon its conclusions regarding

the Commission's consideration of the SCAMS Act and not upon any

finding that this case was unusual or contained any "aggravating or

mitigating circumstance[s]," 18 U.S.C. § 3553(b).

The district court erred in departing upward from the

Guidelines on the basis of the SCAMS Act because the statute under

which White was convicted, 18 U.S.C. § 2314, was not included in

the specific fraud statutes listed in the SCAMS Act. The SCAMS Act provides for enhanced penalties, mandatory restitution, sentencing commission review of victim related adjustment of fraud against the elderly, and funding for enforcement activities for telemarketing fraud against the elderly. *See* Pub.L. No. 103-322 § 250001, 108 Stat. 2081 (1994). The SCAMS Act enhances fraud penalties as follows:

> A person who is convicted of an offense under section 1028, 1029, 1341, 1342, 1343, or 1344 in connection with the conduct of telemarketing—
>
>> (1) may be imprisoned for a term of up to 5 years in addition to any term of imprisonment imposed under any of those sections, respectively; and
>>
>> (2) in the case of an offense under any of those sections that—
>>
>>> (A) victimized ten or more persons over the age of 55; or
>>>
>>> (B) targeted persons over the age of 55,
>>
>> may be imprisoned for a term of up to 10 years in addition to any term of imprisonment imposed under any of those sections, respectively.

18 U.S.C. § 2326 (enhancing penalties under 18 U.S.C. § 1028, "Fraud and related activity in connection with identification devices"; § 1029, "Fraud and related activity in connection with [account] access devices"; § 1341, "[Mail] Frauds and swindles"; § 1342 "Fictitious name or address [mail fraud]"; § 1343 "Fraud by wire, radio, or television"; and § 1344, "Bank fraud."). White was not convicted under any of these specific sections.

We review *de novo* the district court's conclusion that the Sentencing Commission did not adequately consider the factors expressed in the SCAMS Act. *See Koon,* --- U.S. at ----, 116 S.Ct.

at 2047. Whether the Commission adequately considered those factors in reviewing the guidelines can be reasonably argued either way. White cites a report issued by the Sentencing Commission in response to the directive from Congress to review the adequacy of "victim related adjustments for fraud offenses against old victims" as a basis for his contention that the Commission did consider these factors. Report to Congress: Adequacy of Penalties for Fraud Offenses Involving Elderly Victims (March 13, 1995) (prepared pursuant to section 250003 of the SCAMS Act, Pub.L. No. 103-322 § 250001, 108 Stat. 2081 (1994)). The Government cites the same report in arguing that the Commission did not adequately consider the factors focused upon by section 2326. Citing the legislative history of the SCAMS Act, H.R.Conf.Rep. No. 103-711, at 398-99 (1994), *reprinted in* 1994 U.S.C.C.A.N. 1839, 1866-67, the Government maintains that, in passing that Act, Congress was stating that the Guidelines did not adequately address the type of conduct engaged in by White. To carry this argument to its conclusion, however, would require the courts to rewrite 18 U.S.C. § 2326 to permit enhancement in the sentence for conviction of *any* offense in connection with a telemarketing scheme that victimized or targeted people over the age of 55. If Congress had wanted to so provide it would have been easy to do so. The selection of the statutes set forth reflects an intent to omit all others. *See United States v. Koonce,* 991 F.2d 693, 698 (11th Cir.1993) (recognizing the canon of statutory construction that inclusion of one implies exclusion of others; *inclusio unius est exclusio alterius); cf. United States v. Castro,* 837 F.2d 441, 442-43 (11th

Cir.1988) (canon does not apply when legislative history and context are contrary to such a reading of the statute).

VACATED AND REMANDED FOR RESENTENCING.